UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS VALENCIA-MENDOZA,<br><br>Defendant. | No. 2:09-cr-00408-TLN<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND MOTION TO APPOINT COUNSEL** |

Defendant, a federal prisoner, moves *pro se* for the Court to reduce his sentence in accordance with the new reduced offense levels under Amendment 782 and to appoint counsel. (ECF No. 159.) The Office of the Federal Defender filed a notice that they will not file a supplement to Defendant's *pro se* motion. (ECF No. 162.) The government opposed the motion for reduction of sentence. (ECF No. 164.) For the reasons detailed below, the Court DENIES both Defendant's motion for reduced sentence and motion to appoint counsel.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On July 26, 2011, Defendant pled guilty to Count 1 of a three count indictment, Conspiracy to Manufacture at Least 1,000 Marijuana Plants, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 112.) In accordance with Defendant's plea agreement with the government, the government then dismissed the two remaining counts in the indictment. (ECF No. 112; ECF No. 114 at 2, 4.)

Prior to Defendant's sentencing, the United States Probation Office prepared a Presentence Report ("PSR") and calculated Defendant's total offense level at 25 and his criminal history category at 1. (PSR at 14, 15.) This resulted in a Guideline sentencing range for Defendant of 57 months to 71 months. (PSR at 19.) However, Defendant's guilty plea to Count 1 subjected him to a mandatory minimum sentence of 120 months in prison. (PSR at 1, 4, 18.)

Defendant was sentenced to 60 months in prison, on October 18, 2011. (ECF No. 116.) The government appealed the sentence as unjustifiably below the statutory mandatory minimum of 120 months. (ECF No. 119.) On April 29, 2013, the Ninth Circuit reversed the sentence and remanded.[1] (ECF No. 132.) On January 9, 2014, this Court sentenced Defendant to the mandatory minimum of 120 months in prison. (ECF No. 151.)

Defendant asks the Court to re-calculate his Guideline range and sentence pursuant to Amendment 782. (ECF No. 159.) Amendment 782 retroactively reduced the base offense levels for many drug offences by two levels. U.S.S.G. Manual app. C, amend. 782 (2014). Defendant also asks the Court to appoint counsel for him if needed. (ECF No. 160.) The Office of the Federal Defender declined to supplement Defendant's filing. (ECF No. 162.) The government filed a brief opposing Defendant's motion for reduction of sentence. (ECF No. 164.)

## II. STANDARDS OF LAW

"When the [Sentencing] Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). Section 3582(c)(2) does not authorize a resentencing proceeding, but permits modification to reduce an otherwise final sentence, akin to correcting a sentence resulting from an arithmetic or technical error. *Id*. at 825, 828. "[T]he provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." *Id*. at 825-26.

---

[1] On May 2, 2013, Senior District Judge Lawrence K. Karlton was terminated from this action, and the matter was reassigned to this Court for all further proceedings. (ECF No. 131.)

Courts use a two-step inquiry to determine whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). First, courts use the instructions in § 1B1.10 to determine whether the prisoner is eligible for a sentence modification and, if so, the extent of the reduction. *Id.* at 827. Specifically, courts "determine the 'amended Guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.*

A sentence reduction is not consistent with Guidelines § 1B1.10 "if an amendment is applicable to the defendant but [] does not have the effect of lowering the defendant's guideline range because of the operation of another guideline." *U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (*citing* U.S.S.G. § 1B1.10 cmt. n. 1(A)).

Second, a court considers any applicable § 3553(a) factors to "determine whether, in its discretion, the reduction authorized … at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id.*

If a reduction is appropriate under 18 U.S.C. § 3582(c)(2), then the court must follow the instructions in § 1B1.10 to impose a sentence within the amended Guideline range, unless the sentencing court originally imposed a term of imprisonment below the Guidelines range. *Dillon*, 560 U.S. at 827 (*citing* § 1B1.10(b)(2)(A)). In that case, § 1B1.10 authorizes a court proceeding under § 3582(c)(2) to impose a new sentence that is "comparably" below the amended range. *Dillon*, 560 U.S. at 827 (*citing* § 1B1.10(b)(2)(B)).

### III. ANALYSIS

Defendant argues that his sentence should be reduced because Amendment 782 may have retroactively reduced the base offense levels for his offenses. (ECF No. 159 at 1.) Defendant's Presentence Report ("PSR") initially calculated a Guidelines range of 57 months to 71 months based on offense levels that may have been retroactively reduced by Amendment 782. (PSR at 16-17; U.S.S.G. 1B1.10(d), (e)(1) (making Amendment 782 apply retroactively to previously-sentenced defendants.)). In the same paragraph, however, the PSR added that the higher statutory

minimum sentence of 120 months would be the Guidelines range. (PSR at 17; U.S.S.G. 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.")).

This Court adopted the PSR's recommendation and imposed a sentence of 120 months based on that statutory minimum Guideline range. (ECF Nos. 151; 152 at 1-2.) "[O]nly one sentencing range is calculated in the course of a sentencing recommendation; a sentencing range is not determined for each intermediate step. *Leniear*, 574 F.3d at 674.

Defendant's motion, therefore, fails at step one of the two-step inquiry. Even had Amendment 782 been in effect at the time Defendant was sentenced, the Amendment would not have had the effect of lowering his sentencing range because of the operation of U.S.S.G. 5G1.1(b), which made his sentencing range the statutory minimum of 120 months. This Court does not have the discretion to reduce a sentence pursuant to an amended provision where the amendment would not have the effect of lowering Defendant's Guideline range. See *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009), as amended (Aug. 6, 2009) (affirming denial of a sentence reduction where the amended Guidelines range would have been lower than the mandatory minimum).

A sentence reduction is not warranted because Amendment 782 would not lower Defendant's Guideline range. *Leniear*, 574 F.3d at 674.

### IV. CONCLUSION

IT IS HEREBY ORDERED that the Court DENIES Defendant's motion for a reduction of sentence (ECF No. 159). The Court also DENIES Defendant's motion to appoint counsel as moot (ECF No. 160).

Dated: April 13, 2017

Troy L. Nunley
United States District Judge

4